EXHIBIT A

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| A. Kevin Fahey<br>5301 Birds View Lane, Unit D<br>Alexandria, VA<br><br>on behalf of the General Public of the District of Columbia<br><br>Plaintiff,<br><br>v.<br><br>Apple Inc,<br>One Apple Park Way<br>Cupertino California<br><br>Defendant | )<br>)<br>)<br>)   Civil Action No:<br>)<br>)<br>)<br>)<br>)<br>)   Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kevin Fahey ("Plaintiff"), by and through his counsel, brings this action against Apple Inc., ("Apple" or the "Defendant") on behalf of the General Public of the District of Columbia, and alleges the following based upon information, belief and the investigation of counsel:

**NATURE OF THE CASE**

1

1. Plaintiffs brings this action on behalf of the general public in the District of Columbia to redress the pattern of fraudulent, deceptive and otherwise improper sales and marketing practices engaged in by the Defendants

2. Defendant is the leading seller of smartphones in the United States.

3. For the last several years, Defendant has deliberately withheld from its customers the face it deliberately released a feature to slow the performance of various of its smart phases.

4. The defendant contended that the purpose of the release was to "smooth" the device's battery use to prevent surges and shutdowns.

5. The result of the undisclosed release was to cause many customers to upgrade to more expensive Apple products. These purchasers were unaware the release at issue was causing the problems described above with them Apple smartphones.

6. Plaintiffs seeks to enjoin such fraud, obtain disgorgement of profits from sales of the products in question and obtain appropriate monetary damages for the consumers who purchased such products in the District of Columbia.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action, and venue is appropriate in this Court, pursuant to D.C. Code §§ 11-921 and 28-3905(k)(1).

9. This Court has personal jurisdiction over Apple pursuant to D.C. Code §13-423.  This Court has personal jurisdiction over Apple because Apple sells its products at Apple stores throughout Washington, D.C.  .

10.     A substantial part of the actions which gave rise to Plaintiffs' cause of action occurred in this jurisdiction.

## THE PARTIES

11. Plaintiff Keven Fahey is a resident of Virginia.

12. Apple is a California Corporation which sells hundreds of millions of smartphones yearly.

## LEGAL FRAMEWORK - THE INTERESTS OF THE PLAINTIFFS AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT

19. The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*, prohibits unlawful trade practices. The prohibited trade practices include, in relevant part,

> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;
>
> (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;
>
> (e) misrepresentation of a material fact which has a tendency to mislead,
>
> (f) fail to state a material fact if such failure tends to mislead, or
>
> (x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

Section 3904.

20. Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

21. The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as

3

well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade practice, "additional relief as may be necessary to restore the consumer money or property . . . which may have been acquired by means of the unlawful trade practice," and "any other relief the court deems proper." D.C. Code § 28-3905(k)(1).

22. Plaintiff brings this action on behalf of himself and as a Representative Plaintiffs acting for the interests of the general public of the District of Columbia, seeking relief from Defendants' use of trade practices in violation of laws of the District of Columbia, pursuant to D.C. Code § 28-3905(k)(1).

23. Apple smartphones are "consumer good[s]", and the Defendant is a "merchant" within the meaning of the CPPA. D.C. Code § 28-3901(1)(2) and (7).

## THE FAHEY PURCHASES

24. On December 30th, 2017, Mr. Fahey purchased an Apple Iphone 7 for $220 from one Maurice Brunson. A copy of the receipt is attached as Exhibit A.

## SUBSTANTIVE ALLEGATIONS

25. From September 2014 onward, Apple introduced the IPhone 6,6S, S E and 7 models ("Covered Iphones").

26. As a purposed correction to this problem, Apple pushed out update to consumers covered Iphones that limited the speed and performance of these devices thereby causing significant. Slow performance dropped calls, and excessive battery drain the ("Defect"),

27. However, Apple never disclosed the existence of the Defect to its consumers.

28. As a result of the Defect, millions of consumers believed that their Covered Iphones

became absolute. Deceived as such, they either suffered with the Defect or needlessly upgraded to the newest, and more expensive, Iphone models, the Iphone 8 or IphoneX

29. . During the time, the covered Iphones were vulnerable to surges in battery performance, causing crashes and shutdowns

30. On December 2017, Apple finally officially admitted the existence of the Defect with a public release, "A Message to Our Customers about iPhone Batters and Performance",which stated, *inter alia*:

> Our goals is to deliver the best experience for customers which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions have a low battery charge or as they age overtime, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6. iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2 and plan to add support for other products in the future.

31. Such "message" fails to disclose that the "feature" in fact considerably slowed the performance of the Covered iPhones. It failed to address the fact, as noted above, that many iPhone consumers had upgraded to different version of iPhones on the belief the "feature" was in fact a defect that made their phones unacceptably slow, if not unusable.

**Class Allegations**

32. This action has been brought and may be maintained as a class action pursuant to Superior Court Rule of Civil Procedure 23 because there is a well-defined community of

interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

**Relevant Time Period:** The relevant time period is defined as the time period beginning three years prior to the filing of this action until judgement is entered.

**Class Definition**

> All persons who preside in the District of Columbia. currently or formerly owned a covered iPhone during the relevant time period.
>
> Excluded from the class are:(1) Apple, its subsidiaries, and its legal representatives, officers, directors, assigns and successors; and (2) all state and/or federal court judges who may preside over this case, their staff, and their immediate family members.

33. Numerosity: The class members are so numerous that the individuals joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under DC law.

34. Commonality and Predominance: Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.

35. These common questions include, but are not limited to:

> Whether Defendant are liable under strict products liability for damages to Plaintiff and the Class Members:
>
> Whether Defendant are liable for negligence for products liability and damages to Plaintiff and Class Members;
>
> Whether Defendants reasonably should have notified consumers before it implemented any kind of software update that limited the speed and/or performance of consumers' iPhones.
>
> Whether Defendants had a duty to disclose the nature of any defect to

> Plaintiff and the Class Members;
>
> Whether Defendants failed to disclose or concealed material information concerning any defects;

36. Whether the Defendant's conduct vacated the various statutes and common law causes of action sets forth *infra* and whether Plaintiff and the Class Members are entitled to relief, and the amount and nature of such relief in the form of an injunction and /or restitution.

### Count 1
### Violation of the CPPA
### Implied and Express Warranties
### Section 3904(x)

37. Plaintiff incorporates the allegations of paragraphs 1 through 36 above as though fully set forth herein, and alleges further:

38. As noted above, the CPPA, §28-3904, provides that is it a violation "whether or not any consumer is in fact mislead, deceived or damaged thereby,", for any person to , inter alia, "sell consumer goods in a condition or manner not consistent with state or federal law."

39. Section 313 of the D.C. UCC (DC Code § 28:313 provides:

> (1) Express warranties by the seller are created as follows:
>
>> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.
>>
>> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>>
>> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

40. (D.C. Code § 28-314) provides:

7

   (a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.

   (b) Goods to be merchantable must be at least such as . . .

   ( i ) In the case of fungible goods, are of fair average quality within the description; and

   (ii) Are fit for the ordinary purposes for which such goods are used; and

   (iii) Are adequately contained, packaged, and labeled as the agreement may require; and

   (iv) Conform to the promises or affirmations of fact made on the container or label, if any.

41. Plaintiff and DC consumers have purchased the Covered Products from the Defendants. The above-referenced warranties apply to the Covered Products. Defendants have failed to honor these warranties.

42. The Covered Products are not merchantable because they are neither fit for the oridinary purpose for which such good are not, not conform to the promises or affirmations covered .

43. 28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and"

44. Plaintiff's counsel, on behalf of them and the DC Public, have given such notice

45. Defendants' breaches of their Express Warranties and the Implied Warranty of Merchantability, and their sale of consumer goods in a condition and in a manner inconsistent with D.C. law and contrary to the operation and requirements of federal law constitute unlawful trade practices, which violate the rights of Plaintiffs and D.C. consumers protected by the CPPA. D.C. Code § 28-3904(x).

## Count 2 –
## Violations of the CPPA –
## Failure To State A Material Fact Which Has A Tendency To Mislead
## Making a Material Misrepresention Which Has A Tendency To Mislead

46. Plaintiffs incorporate the allegations of paragraphs 1 through through 36 above as though fully set forth herein, and alleges further:

47. The Defendants failed to disclose numerous material facts with respect to the Covered Products, with such based on adverse incident reports, warranty work orders and other documentation about the Covered Products

> Misrepresentations regarding the existence, occurrence and frequency of occurrences, severity and extent of the defects causing significantly slow performance, dropped calls and excessive battery drain;
> Misrepresentations as to the root cause of the defects causing significantly slow performance, dropped calls and excessive battery drain; and
> Misrepresentations as to the nature, seriousness, severity of adverse incident reports regarding significantly slow performance, dropped calls and excessive battery drain.

48. Defendant also failed to state material facts which failures had a tendency to mislead, including, *inter alia*,

> That the Defect would considerably slow the performance of the Covered iPhones.

## Count 3
## Violations of the DC Commercial Code

49. Plaintiffs incorporates the allegations of paragraphs 1 through 36 above as though fully set forth herein, in particular those with respect to the DC Commercial Code, and alleges further

50. The breaches of the DC Commercial Code as set forth above constitute an independent cause of action, for which Plaintiffs, on behalf of the DC General Public, seeks damages as set forth below.

9

## Count 4
## Fraud

51. Plaintiff incorporates by reference paragraphs 1 through 36 above as if fully alleged herein.

52. Defendants made material misrepresentations that were false and that were either known to be false when make or were asserted without knowledge of their truth, defendants has in the possession adverse incident reports, warranty work orders and other documentation about the defects in the Covered iPhones yet made the following misrepresentations:

> Misrepresentations regarding the existence, occurrence and frequency of occurrences, severity and extent of the defects causing significantly slow performance, dropped calls and excessive battery drain;
>
> Misrepresentations as to the root cause of the defects causing significantly slow performance, dropped calls and excessive battery drain; and
>
> Misrepresentations as to the nature, seriousness, severity of adverse incident reports regarding significantly slow performance, dropped calls and excessive battery drain;:

53. Defendant intended that these misrepresentations be relied upon by the general public.

54. The Class Members did rely upon the misrepresentations that ultimately caused the Class Members to purchase and/or upgrade to a newer iPhones 8 and/or iPhone X.

55. Plaintiff is informed and believes and thereupon alleges that defendants and each of them in doing the things herein alleged acted willfully with the full knowledge of the adverse effect of their actions on Plaintiff and the Class Members, and with willfully and deliberate disregard of the consequences to Plaintiff and the Class Members. By reason thereof ,Plaintiff and the Class Member are entitled to recover punitive and exemplary damages from Defendants in an amount according to proof at trial.

## Count 5
## Unjust Enrichment

56. Plaintiffs incorporates the allegations of paragraphs 1 through 36 above as though fully set forth herein,

57. Unjust enrichment occurs when a person retains a benefit, in the present case, money, which in justice and equity belongs to another. The party who retains the benefit is obliged to make restitution to the person who conferred the benefit if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for the recipient to retain it.

58. Through the deceptive practices as described above, the Defendants have been unjustly enriched. "

PRAYER FOR RELIEF

WHEREFORE, as to Counts 2-3 of the Complaint, Plaintiff, on behalf of the general public of the District of Columbia, asks this court to award:

statutory or actual damages, trebled, except that in no case does any individual Plaintiff seek an amount in excess of $74,000;

disgorgement of profits obtained through the sales of the Covered Products in the District of Columbia;

attorneys' fees; and

an injunction against Defendants' violations of the CPPA; and

as to Counts 1, 4 and 5, monetary damages for monies wrongfully obtained by the Defendants from the DC General Public

any other relief this court deems just and proper.

                Respectfully Submitted

                *Thomas C. Willcox*
                Thomas C. Willcox, Attorney at Law
                DC Bar No 445135
                1701 16th Street, N.W
                Suite 211
                Tel: (202)338-0818
                T.C. (202) 333-3538
                tcw19law@gmail.com

PRIVATE SALE
RECEIPT

RECEIVED OF
A. KEVIN FAHEY
$220.00
Two hundred and twenty
dollars on the dot
ON THIS DAY
30 DECEMBER 2017
FOR PURCHASE OF
I PHONE 7 in Good
working ORDER
Transaction made at
ANACOSTIA METRO STATION
by Maurice Brunson